## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BWA LPW LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) C.A. No. |
| | ) |
| DAVID H. ALLEN, | ) |
| BWA WELLESLEY LLC, and | ) **JURY TRIAL DEMANDED** |
| PROVIDENCE FINANCIAL | ) |
| ADVISORS, LLC, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## BWA'S EMERGENCY MOTION FOR TRO
## AND REQUEST FOR AN EXPEDITED HEARING

Pursuant to Fed. R. Civ. P. 65, 15 U.S.C. § 1116, and 18 U.S.C. §§ 2701, Plaintiff BWA LPW LLC d/b/a Balance Wealth Advisors ("BWA"), by its attorneys Epstein Becker & Green, P.C., respectfully move, on an emergency basis, for a temporary restraining order ("TRO") against David H. Allen, BWA Wellesley LLC, and Providence Financial Advisors, LLC (collectively, "Defendants") requiring Defendants, namely Allen, the former owner of Balance Wealth Advisors, to comply with Allen's obligations under the March 1, 2022, Purchase and Sale Agreement (the "Purchase Agreement") whereby Allen transferred to Leo White and Amy O'Connell all of Allen's ownership interest in Balance Wealth Advisors, including the entirety of the business and all tangible and intangible assets, properties, and rights, including business websites or domain names, telephone numbers, digital assets and accounts, email addresses, trademarks, goodwill, and customer and supplier lists.

In violation of federal law, Allen seized control BWA's email accounts and stored confidential communications with clients and prevented authorized access into the accounts by

1

disabling authorized access into the accounts and refusing to share login credentials into the controlling accounts. Despite consummating the $2,900,000.00 Purchase Agreement more than two years ago and collecting installment payments of approximately $30,000.00 each month, Allen has not performed under the Purchase Agreement and has failed to relinquish control of BWA's email accounts, domain names, and other account credentials.

On July 30, 2024, Allen's non-performance escalated from a simple breach into commercial extortion when he maliciously and systematically disabled BWA's website and email accounts, cutting off BWA's ability to communicate with clients concerning their personal financial information in an effort to extract additional payments from BWA above and beyond the original transaction.

BWA regained limited access to its email accounts on Friday, August 2, 2024 and the email accounts were confirmed as fully operational on or about August 7, 2024 following several tumultuous days for BWA and their clients. Although Allen restored BWA's website and email accounts at the behest of BWA's counsel (at least for now), he has held the login credentials for BWA's accounts hostage, placing BWA in an untenable position.

BWA's business is beyond disrupted. The longer BWA is unable to control its email accounts and ensure its access and availability for existing and prospective clients, the greater the risk of irreparable damage to BWA's reputation, goodwill, and potential for regulatory violations if Allen replicates his prior tactics. Allen is attempting to strangle BWA into submission but fails to respect BWA's willingness to defend itself from his extortive conduct.

A TRO is necessary to prevent further harm to BWA. Despite BWA's diligent efforts to regain control and access to its email accounts and website domain, including offering practical solutions to regain shared access, Allen has refused to restore BWA's ability to conduct its

business, including, because Allen asserts that either he never sold BWA, the sale was voided, or that he wants to reacquire BWA from BWA's current owners and operators.

The urgency of the requested relief is clear given that at any moment, BWA can again be cut off from its clients and regulators, further exposing BWA to exponentially increasing risk of irreparable harm.

As detailed in the Memorandum of Law, there is a substantial likelihood that BWA will succeed on the merits of its claims against Allen, there is substantial risk that BWA will suffer irreparable harm without a TRO, the balance of harms weighs in favor of BWA, and the requested TRO is in in, and will not adversely affect, the public interest.

WHEREFORE, BWA respectfully requests that the Court grant this Motion, and issue a TRO to take effect immediately and continue until a preliminary injunction can be entered as follows:

a. Compelling Defendants to disclose and surrender to BWA control over all usernames and passwords for the BWA Accounts (defined as any GoDaddy account(s) that controls the website and email domains currently and/or previously utilized by BWA, as well as any LinkedIn, Google, eFax, Redtail Technologies and other web-based, cloud-based, or electronic accounts currently and/or previously utilized by BWA) within 24 hours from the time this Order is entered;

b. Enjoining Defendants and those acting in concert with them from controlling, accessing, modifying, or restricting BWA's access to, or attempting to control, access, modify, or restrict BWA's access to, the BWA Accounts (defined as any GoDaddy account(s) that controls the website and email domains currently and/or previously utilized by BWA, as well as any LinkedIn, Google, eFax, Redtail Technologies and other web-based, cloud-based, or electronic accounts currently and/or previously utilized by BWA);

c. Enjoining Defendants and those acting in concert with them from accessing, using, retaining, or disclosing, or attempting to access, use, retain, or disclose BWA's confidential information and trade secrets, including without limitation client information contained in any CRM database currently and/ or previously utilized by BWA or otherwise;

d. Enjoining Defendants and those acting in concert with them from entering Plaintiff BWA LPW LLC's place of business located at 57 River Street Suite 300, Wellesley, Massachusetts 02481, or attending any BWA-sponsored events; and

   e. Enjoining David H. Allen from identifying himself as owner or affiliate of BWA.

In support of this Motion, BWA attaches a proposed Order and relies on the Verified Complaint verified by BWA Chief Operating Officer Amy O'Connell and a Memorandum of Law in Support of BWA's Motion for TRO and Preliminary Injunction.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), BWA hereby requests an expedited hearing for oral argument and an evidentiary hearing on its Motion for preliminary injunction to be held at the Court's earliest convenience.

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I certify that I attempted to confer with Defendants' counsel by email and telephone between July 31, 2024 and August 7, 2024, in a good faith attempt to resolve or narrow the issues raised in this Motion.

Respectfully,

BWA LPW LLC,

*/s/ Erik W. Weibust*
Erik W. Weibust (BBO # 663270)
Adam R.D. Paine (BBO # 697246)
Epstein Becker & Green, P.C.
125 High Street, Suite 2114
Boston, Massachusetts 02110
Tel: (617) 603-1100
eweibust@ebglaw.com
apaine@ebglaw.com

Dated August 12, 2024                              *Attorneys for Plaintiff BWA LPW LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2024, the foregoing document was filed through the CM/ECF system and served on counsel for Defendant via email as follows:

Martin Burke
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
Phone: 813.227.6704
Fax: 813.229.0134
Martin.Burke@hklaw.com

Daniel I. Small
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Phone: 617.523.2700
Fax: 617.523.6850
dan.small@hklaw.com

                                                */s/ Erik W. Weibust*
                                                Erik W. Weibust